K. Christopher Bavendam entered an Alford plea of guilty to attempted gross sexual imposition, a fourth degree felony, and a guilty plea to failure to appear, an unclassified felony carrying a potential sentence of 1 — 5 years. The trial court imposed consecutive sentences of 18 months and 2 years. On appeal, Bavendam advances two assignments of error that attack the sentences imposed by the trial court.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION AND SUBJECTED APPELLANT TO CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 9 OF THE OHIO CONSTITUTION WHEN IT SENTENCED HIM TO A TWO YEAR CONSECUTIVE TERM ON THE CHARGE OF FAILURE TO APPEAR.
SECOND ASSIGNMENT OF ERROR
 THE MAXIMUM SENTENCE IMPOSED BY THE TRIAL COURT ON APPELLANT'S CHARGE OF ATTEMPTED GROSS SEXUAL IMPOSITION WAS NOT SUPPORTED BY THE SENTENCING GUIDELINES SET FORTH IN O.R.C. 2929.12.
On August 1, 1997, Bavendam was indicted for the rape of the five-year-old daughter of his live-in girlfriend. Bavendam was arrested February 9, 1998. Bond was fixed at $50,000, and Bavendam remained in jail. On April 7, 1998, Bavendam entered an Alford plea of guilty to attempted gross sexual imposition. On April 8, 1998, Bavendam was released on his own recognizance, conditioned as follows:
 The release of the Defendant is conditional upon the Defendant having no contract, direct or indirect with the victim or the victim's family and is also conditional upon the Defendant having a curfew from 6:00 p.m. to 6:00 a.m. seven days a week. During the curfew hours the Defendant shall not leave the residence at 1233 Heritage Dr., Troy, Ohio.
On April 9, 1998, the State moved to revoke bond:
. . . for the reason that Defendant has violated the terms and conditions thereof by breaching the curfew set forth therein and stalking the victim in this matter.
That same date, the trial court scheduled the motion to revoke bond for hearing on April 21, 1998. When Bavendam failed to appear on April 21, the trial court revoked his bond and ordered his arrest, which was accomplished that date. On May 6, 1998, Bavendam was indicted for failure to appear (R.C.2937.29) and pleaded not guilty at arraignment on May 11. On May 18, 1998, Bavendam appeared in court and pleaded guilty to failure to appear. Immediately thereafter, he was sentenced as described above.
The trial court explained in detail its rationale for sentencing as it did.
 THE COURT: Mr. Bavendam I've had an opportunity to consider the pre-sentence investigation report that I received as well as the statements by your Counsel and the statements by the Prosecutor. In addition to that I've had numerous letters here that I have read from family members of the minor victim in this case as well as from members of your side of the family also and I have considered all those matters. In addition to that I've weighed the seriousness factors and the recidivism factors involved in this particular matter and also since this is a felony of the fourth degree I've also considered the eight sentencing factors which I must do on any felony four and determined that there are a number of those that apply. Number one, that physical harm was caused to the victim; and number two, it was a sex related offense; number three, that you previously had a prison term; and that, uh, number four, I believe you were on a community control sanction out of municipal court at the time this offense occurred if I'm not mistaken, is that correct?
 MR. LAYMAN (defense counsel): Are you on probation in municipal court?
MR. BAVENDAM: I don't believe so, no.
 THE COURT: Well let's see here, you weren't on probation for DUS or no OL?
MR. BAVENDAM: No. No sir.
 THE COURT: Okay. I'll disregard that particular offense. Uh, but of those factors which I pointed out to you and I've weighed the recidivism and the seriousness factors in this case, um, to be quite frank the recidivism factors and seriousness factors far outweigh the lack thereof on both those counts. Um, you have a history of juvenile and adult convictions, the PSI suggests that you had a history of poor supervision while on probation out of municipal court, also out of juvenile court and also the report suggests that you showed no remorse since you continued to deny the offense although there was, uh, the victim, uh, the victim's statements were relatively consistent over a period of time to various investigating officers. In addition to that the seriousness factors are suggestive that the offense occurred to an underage victim, she was only five, six years old, something like that and the sexual abuse and also at the time there was a relationship that facilitated the offense, that is that you were the boyfriend of the child's mother at the time it occurred. So as I indicated the seriousness factors and the recidivism factors outweigh the lack thereof on both those accounts and considering all those matters I'll determine that the seriousness of this offense is, would be demeaned unless the Court gave you the eighteen month sentence and therefore it's the order of the Court you serve eighteen months in the Ohio Department of Rehabilitation and Correction and pay the costs of this action. I have to give you credit for, I've got you down for seventy-seven days that you've already served. Does that sound about right?
MR. BAVENDAM: Yes sir.
 THE COURT: Okay. Now on the second case, 98CR104, Mr. Layman you are correct, the Court cannot, the Court is not permitted to use another offense (failure to appear) to try to increase the penalty for a former offense (attempted gross sexual imposition) just because the Court may feel that in fact the former offense didn't carry enough weight behind it. Uh, these charges have to be considered on their own merits and the seriousness or lack thereof have to be considered on, uh, just for the failure to appear charge. I hoped I'd covered both of those matters. Was there anything else you needed to say on those, I think both of you addressed that issue.
MR. LAYMAN: No sir.
 THE COURT: Okay. Um, Mr. Bavendam once again considering all those factors which I previously enumerated, the fact that you did not leave the county, uh, the fact that you did not flee to another state of course, uh, uh, makes this a less egregious failure to appear, uh, however on the other side of the coin it was somewhat egregious in that the reason for the hearing was to determine whether or not you were complying with the conditions of the OR bond, and that is no contact direct or indirect with the victim and therefore you did cause some concern for the victim and family members of the victim and that's part of the failure to appear portion that I'm considering. I'm not considering the allegations of the first offense but merely the fact that, just the facts surrounding the failure to appear itself, okay. Um, considering all those factors I'll determine in your case that the appropriate sentence on the failure to appear should be the two years. Therefore it's the order of the Court you serve two years in the Ohio Department of Rehabilitation and Correction and pay the cost of this action. In addition to that after weighing the factors again I'll determine that in your case you've been to the pen before, now you've got two more felonies, you're going to go back as a three time loser here, it's necessary under 2929.14(E)(3) to protect the public and to provide the appropriate punishment in your case and it's not disproportionate to the type of conduct that you're engaging in, uh, that this charge run consecutively with your first charge. Anything further?
MR. LAYMAN: (Inaudible)
 MR. NASAL (prosecutor): Nothing your Honor. Thank you.
THE COURT: I'm sorry, Mr. Layman go ahead.
 MR. LAYMAN: Your Honor in your explanation for the failure to appear you pointed out that you were concerned about the allegations surrounding the motion for his possible revocation of bond. I would simply point out that had the Court found any basis in that the remedy would have been simply revoke his bond and place him back in jail. Based upon that I would suggest to the Court that the two year sentence and the consecutive manner of that is certainly excessive and I'd ask the Court to reconsider.
 THE COURT: Well it's a good argument but I guess what I was getting at, Mr. Layman, is the fact my concern was for the protection of the public and obviously once a victim it's not, uh, certainly great to see any victims re-victimized, revisited by any inappropriate conduct and that's one of the reasons why almost all of those conditions of bonds of this nature are that there be no contact and the allegation was that there was contact and the failure to appear followed that which suggested to me, I'm not saying it was or wasn't, but it almost suggested to me that there was contact, he knew what was, the handwriting on the wall was and that's why he wasn't appearing. I, that seems to be a common sense analysis to be drawn from those set of facts because I hadn't, had I in fact pre-judged the situation I would have just had him arrested, I just would have revoked his bond but I set it for a hearing, he didn't show, that suggests to me there was some substance to the charge, that concerns me cause it has a relationship on the failure to appear and that's the whole basis for it. Although your argument is logical and I don't disagree with it unfortunately I find mine a bit more persuasive and therefore I'm going to have to let the sentence stand.
MR. LAYMAN: Thank you your Honor.
MR. NASAL: Thank you.
The trial court journalized its sentencing rationale on May 28, 1998 as follows:
As to Attempted Gross Sexual Imposition:
 The Court has considered the record, oral statements, any victim impact statement and PSI prepared. The Court considers all sentencing factors and finds the following:
 As to Recidivism:
1. Defendant shows no remorse for the offense.
 2. Not rehabilitated to a satisfactory degree after being adjudicated delinquent or failure to respond favorably in the past to sanctions imposed for criminal convictions.
 3. Prior adjudication of delinquency or history of criminal convictions.
 As to Seriousness Factors:
 1. Injury to victim was worsened by the physical or mental condition or age of the victim.
 2. Victim suffered serious physical, psychological, or economic harm as a result of the offense.
 3. Relationship with victim facilitated the offense.
4. Sex offense.
 The Court further finds that recidivism is likely, the Defendant is not amenable to community control and that prison is consistent with the purposes of Ohio Revised Code § 2929.11.
 IT IS HEREBY ORDERED that Defendant serve a stated prison term of one and one-half years. Said sentence shall be served consecutively with the sentence imposed by the Miami County Common Pleas Court in Case No. 98CR104.
As to Failure to Appeal:
 The Court has considered the record, oral statements, any victim impact statement and presentence report prepared. The Court considers the factors pursuant to R.C. § 2929.13(B) and weighed the recidivism and seriousness factors pursuant to R.C. § 2929.12 and determined the Defendant is not amenable to a community control sanctions.
IT IS HEREBY ORDERED:
 1) That Defendant is to be confined to the Ohio Department of Rehabilitation and Correction for a stated prison term of two (2) years. That said sentence shall be served consecutively to the sentence imposed in Case No. 97CR192. The Court Orders the consecutive sentence to protect the public and punish the offender. The sentence is not disproportionate to the conduct and the danger the Defendant posed and was committed while Defendant was awaiting sentencing.
Taking the assignments of error in reverse order, Bavendam contends the trial court abused its discretion in imposing the maximum sentence of 18 months for attempted gross sexual imposition.
Although Bavendam refers to the R.C. 2929.12 guidelines in his assignment of error, his argument in support of the assignment makes but slight allusion to the guidelines.
Turning first to the "seriousness" factors — R.C.2929.12(B)(1-8), (C)(1-4) — the record, including the presentence investigation, amply supports the trial court's findings that three of the eight enumerated "more serious" factors exist in this case. (We doubt that "sex offense" should be a "more serious" factor where the offense itself is a sex offense.) The only possible "less serious" factor is R.C.2929.12(C)(4): "substantial grounds to mitigate the offender's conduct," based on Bavendam's contention in the PSI that "he was reared in an extremely dysfunctional setting." Whether to regard Bavendam's difficult youth as a substantial basis for mitigation was commended to the trial court's discretion. On the record before us, we cannot fault the trial court for apparently according Bavendam's troubled childhood little weight.
Turning next to the "recidivism" factors — R.C.2929.12(D)(1-5), (E)(1-5), there is ample record support for the three recidivism "likely" factors found by the trial court. There is no record support of any recidivism "not likely" factors. Although Bavendam attempts to minimize his criminal record, it is not insignificant for a man of 23: seven misdemeanor convictions — two criminal trespass, three driving without an operator's license, one driving under suspension, one disorderly conduct — and one felony conviction for which he served a year. (We are satisfied that this last offense — attempted receiving stolen property — was a fourth degree felony because the property was a motor vehicle. See version of R.C. 2913.51 in effect in 1993.)
Bavendam contends that his Alford pleas insulates him from a finding that he "shows no genuine remorse." We do not agree. The PSI contained information which, if true, established that Bavendam was guilty of rape. The state parole officer who prepared the PSI stated in the PSI:
 It is this officer's impression based on the Defendant's admissions to the Troy Police Department and lack of admissions to this officer that he vastly minimized his involvement in the Instant Offense.
In our judgment, the trial court acted within its discretion in apparently disbelieving Bavendam's claim of innocence of any wrongdoing.
Finally, Bavendam claims that the trial court was influenced by several letters — some from members of the child's family — which expressed outrage with the plea bargain that drastically reduced the potential punishment Bavendam faced. The trial court acknowledged considering these letters but not that the letters influenced its judgment. Absent anything more definitive, we cannot say the trial court gave inappropriate consideration to these letters. The record — shorn of the letters — amply supports the imposition of a maximum sentence of 18 months.
Turning now to the first assignment of error, Bavendam contends that the trial court abused its discretion — indeed, inflicted cruel and unusual punishment — in imposing a two year consecutive sentence on the failure to appear charge. Bavendam does not contend that the sentence violates the sentencing statutes — see R.C. 2929.12; 2929.13(B); 2929.14(E)(3) — but, rather, (1) that the sentence was disproportionate to the actual offense committed and (2) that the consecutive 2 year sentence was to further punish him for the sex offense. As to the second contention, the trial court expressly disavowed such a motive and this record does not belie that disavowment.
Bavendam cites State v. Chaffin (1972), 30 Ohio St.2d 13
which provides:
 A punishment does not violate the constitutional prohibition against cruel and unusual punishments, if it be not so greatly disproportionate to the offense as to shock the sense of justice of the community.
Essentially, Bavendam contends that two years "for nothing more than being on the lam for nine . . . days" is unconstitutionally excessive.
We do not agree. First, the trial court advised Bavendam April 7, 1998, when he entered his plea of guilty to gross sexual imposition, that if he were granted an O.R. bond and thereafter failed to appear for further proceedings, he would be subject to a further felony charge. Bavendam acknowledged that he understood. Second, the trial court inferred — reasonably we believe — that Bavendam's failure to appear April 21, 1998 for the bond revocation hearing lent some credence to the allegation in the motion to revoke bond that he had violated the condition of the bond that he have no contact with the victim or her family, a condition to which the trial court attached great importance. Third, the sentence was on the low side of the permissible 1-5 year range. 2937.99(A). Fourth, the sentence is not claimed to, nor does it appear to, violate the sentencing statutes.
In short, we conclude that while the sentence might be harsh, it is not so harsh as to shock the community sense of justice.
The assignments of error are overruled.
The judgment will be affirmed.
BROGAN, J. and YOUNG, J., concur.
Copies mailed to:
James D. Bennett Steven R. Layman Hon. Robert J. Lindeman